**Anthony J. DeCINTIO, Plaintiff,**

**v.**

**LAWRENCE HOSPITAL and Edna Benziger, Defendants.**

**No. 90 Civ. 2013 (VLB).**

United States District Court, S.D. New York.

Aug. 31, 1992.

Abraham Hecht, Forest Hills, N.Y., for plaintiff.

Ernest J. Collazo and Risa M. Mish, Simpson Thacher & Bartlett, New York City, for defendants.

MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Plaintiff was discharged by the defendant hospital after a series of incidents most saliently involving a series of crude sexual epithets directed at a woman colleague while on duty, which plaintiff concedes in his deposition at 167–175. Plain-

tiff's explanation as to these incidents is that the epithets were appropriate or accurate (id).

Based on these and later events, plaintiff was discharged, and brings this lawsuit alleging age discrimination, retaliatory discharge, and defamation in violation of state law. Plaintiff was hired when 44; no significant statistical evidence of any pattern of age discrimination, e.g., a pattern of dismissals or refusal to hire older workers, has been offered.

■ To prevail, plaintiff must show an employment practice discriminating on the basis of age by statistical or other evidence and that this was at least a partial cause of adverse treatment of plaintiff; plaintiff must have been qualified to continue on the job yet have received adverse treatment. See *Maresco v. Evans Cosmetics Division of W.R. Grace & Co.*, 964 F.2d 106 (2d Cir.1992).

■ Defendants have moved for summary judgment. While a plaintiff receives the benefit of any reasonable inferences from evidence submitted when the adversary moves for summary judgment, if no evidence is submitted to satisfy the requirements for success on the merits or to challenge facts that would defeat the claim, the motion should be granted. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). That is the situation here. Defendants' motion for summary judgment dismissing the complaint is granted.

The absence of statistical indicia of age discrimination and the fact that plaintiff was hired in 1985 when already 44 and terminated within a half decade thereafter not only militate against the claim that age discrimination has been sufficiently shown, but also undermine the retaliation claim. There is no evidence that age or plaintiff's filing of an EEOC complaint rather than objectionable behavior was the basis for plaintiff's dismissal. He was dismissed on the basis of his own objectionable behavior, and in light of plaintiff's own deposition the hospital's grounds for adverse action could hardly be found pretextual.

There is thus neither direct nor logically inferential evidence to support plaintiff's age discrimination or retaliation claims, which, moreover, under the circumstances described simply do not make sense. See *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The obvious legitimate basis for adverse personnel action by the employer, combined with absence of support for any of plaintiff's claims, justifies summary judgment for the defendants. Given the importance of collaboration among staff in a hospital where emergency situations necessarily arise and patient life and health are at stake, and the national policy against sexual harassment evinced by the Civil Rights Act of 1991, Pub.Law 102–166, such events must be treated as an adequate basis for adverse personnel action unless a collective bargaining or other agreement dictates the contrary. See generally *Iowa Electric Light & Power Co. v. Local Union 204*, 834 F.2d 1424 (8th Cir.1987); compare also N.Y.Labor Law 740 (importance of safety considerations in employment law). For the court to permit a case of this type to proceed would undermine civil rights legislation by protecting conceded use of sexual slurs in a health care workplace while on duty. It would also hold such legislation up to disrepute by allowing its use to prevent institutions such as hospitals, with vital public functions, from performing their functions free of behavior which interferes with performance of those duties.

■ There is no evidence of publication of any adverse information about plaintiff to anyone without a legitimate need to know within the hospital, nor that any such information was false. Moreover, given public concern with the need for proper performance of hospital functions, reasonable protection of such institutions and their personnel where job-related performance and conduct are involved is obviously necessary. See generally Health Care Quality Improvement Act of 1986, 42 U.S.C. 11101–11152.

SO ORDERED.